JOHN L. SUTHERLAND AND ANOTHER, AS EXECUTORS, ETC., OF LOTT C. CLARK, DECEASED, RESPONDENTS, *v.* ALONZO BRADNER, APPELLANT, IMPLEADED WITH DAVID McNAIR.

*Attachment—on a motion to vacate, upon the original papers, no affidavits sustaining it can be read — Code of Civil Procedure, sec.* 683.

After an attachment had been granted, and before any motion to vacate it had been made, an order was made by the justice who granted the attachment allowing the plaintiff to file additional papers in support of the attachment, *nunc pro tunc*, as of the day the attachment was granted, and with the same force and effect as if they had been read on the motion therefor. Thereafter, upon the hearing of a motion made by the defendant to have the attachment vacated upon the papers upon which it was granted, the plaintiff was allowed to read the additional affidavits so filed.

*Held,* that this was forbidden by the express provision of section 683 of the Code of Civil Procedure.

That the direction that the affidavits be filed *nunc pro tunc* was of no effect, as the court had no authority to give such direction.

APPEAL from an order denying a motion to vacate an attachment, made upon the papers upon which it was granted.

The attachment was granted on May 24, 1884. On June fourth the justice, by whom the attachment was granted, made an *ex parte* order allowing the plaintiff to file additional affidavits, "*nunc pro tunc*, as of the 26th day of May, 1884, with the papers on which the warrant of attachment herein was granted, in the office of the clerk of this court, with the same force and effect as if the same had been read on the motion for said attachment." At that time no notice of a motion to vacate or set aside the attachment had been made. On June ninth an order to show cause why it should not be vacated was made, returnable June twenty-third. On the hearing the additional affidavits were read in behalf of the plaintiff.

*Henry Thompson,* for the appellant.

*Stephen P. Nash,* for the respondents.

BRADY, J.:

The motion to vacate the attachment was founded upon the original affidavits, that is, those upon which it was granted. On the motion to vacate, the learned justice presiding permitted an affidavit made several days after the attachment was granted to be read in support of the process. This could not be done under the provisions of section 683 of the Code. Its language is clear and positive on that subject, and the court of last resort has so declared. (*Steuben County Bank* v. *Alberger,* 75 N. Y., 179, 183.) The attempt to overcome this statute law by a direction to file the subsequent affidavit *nunc pro tunc,* as of the prior date was one to accomplish indirectly what could not be done directly. It is impossible even in these days of extraordinary triumphs in ingenuity and skill to say with truth that a paper not in existence at the time an attachment was granted formed a part of the proofs, and to satisfy the judicial mind that it should issue. It was not, however, in any view that can be presented of this appeal a paper in any way connected with the granting of the attachment, and, therefore, was prohibited, as we have seen, from consideration when the motion was made. Under these circumstances the order appealed from must be reversed and the papers remitted to the Special Term for a proper hearing. Ten dollars costs and disbursements of this appeal allowed to the appellant.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed and papers recommitted to Special Term for proper hearing; ten dollars costs and disbursements to appellant